UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE RAMSEY, | ) | |
|     Plaintiff, | ) | Case No. |
| | ) | |
| -v- | ) | Judge |
| DEPAUL UNIVERSITY, an Illinois | ) | |
| Nonprofit Corporation, | ) | Magistrate Judge |
|     Defendant. | ) | |

**COMPLAINT**

### I.    INTRODUCTION

1.    This action is brought against Defendant DePaul University under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*., and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.,* for the Defendant's failure to pay overtime and/or minimum wages to Plaintiff Catherine Ramsey, a non-exempt employee. It is also brought pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*., for the Defendant's failure to pay wages. As a result of its long-standing actions, Defendant has cheated Plaintiff out of tens of thousands of dollars of regular and overtime payments over the years.

### II.    PARTIES

2.    Plaintiff Catherine Ramsey is a 61-year-old citizen of the United States who resides in Riverside, Cook County, Illinois.

3.    For eighteen (18) years until March 5, 2021, Ms. Ramsey was employed by DePaul University as an administrative assistant to the Athletic Director and as the athletic events coordinator.

1

4. At all times relevant hereto, Plaintiff Ramsey was an employee of Defendant DePaul as that term is defined by the FLSA, 29 U.S.C. ¶ 203(d), and by the IMWL, 820 ILCS 105/3(d).

5. DePaul University ("DePaul" or the "University") is a not-for-profit corporation and is the largest Catholic university in the United States. DePaul's principal place of business is in Chicago, Cook County, Illinois.

6. At all times relevant hereto, Defendant DePaul was the Plaintiff's employer as that term is defined in the FLSA, 29 U.S.C. § 203(d), and by the IMWL, 820 ILCS 105(3)(c).

7. Defendant DePaul is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and was engaged in interstate commerce.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's FLSA claim, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's IMWL and IWPCA claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

### IV. STATEMENT OF FACTS

10. Prior to 2007 or 2009, Plaintiff Ramsey held the title of Executive Assistant to the Athletic Director, who was then Ms. Jeanie Ponsetto. Her duties were purely administrative including keeping Ms. Ponsetto's calendar, organizing and otherwise handling her expense reports, reserving rooms for meetings and performing other routine tasks as assigned by Ms.

Ponsetto. Plaintiff Ramsey was listed as an hourly employee working a regular 35-hour workweek and was paid on an hourly basis. Plaintiff Ramsey has a high school education.

11. In addition to the above tasks, Plaintiff Ramsey was required to perform Event Coordinator functions which included organizing events at basketball games and other DePaul-related sporting events, sending out invitations and overseeing the events. These events typically took place on evenings and weekends. Ms. Ramsey was required to attend every men's and women's basketball game, arriving at least two hours before the games and often remaining throughout the game. Despite working up to or over 60 hours per week when these hours were included, in violation of the law Defendant DePaul did not pay Ms. Ramsey for these hours.

12. In 2007 or 2009, in an apparent effort to justify not paying the Plaintiff overtime wages as required by law, the Defendant changed her job title, but none of her job duties, to Athletics Events Coordinator and falsely listed her as an exempt employee. Nothing about Plaintiff's job had changed. She still performed strictly administrative functions. She still reported to the Athletics Director. She had no supervisory or managerial responsibilities. And she still was not paid at all for hours worked in excess of 35 hours per week.

13. When Defendant changed Plaintiff's job title, but not her duties, it made her a salaried employee.

14. Plaintiff remained in the same position with the same duties and responsibilities. She was placed on a salary based upon her regular 35-hour workweek, which at the time of her termination was $51,000.00.

V. **OVERTIME HOURS**

15. During the applicable statute of limitations period, Plaintiff worked hundreds if not thousands of hours of overtime in excess of 40 hours in a regular workweek.

19109.00000 od121101

16. Plaintiff regularly worked between 40 and 65 hours in a workweek when there were sporting events and was not paid for those hours and was not paid overtime for any hours worked in excess of 40 in a workweek.

17. By way of example and not limitation, during the 2018-2019 basketball season, Plaintiff worked at least 93 hours at the men's basketball games; 58.6 hours at the women's basketball games; 14 hours at women's and men's soccer games; and 11 hours at volleyball and softball games. Most all of these hours were worked in the evenings and on weekends. Defendant failed to pay Plaintiff any wages for these hours. In the weeks in which Plaintiff worked these hours, she worked in excess of 40 hours in a work week.

18. In addition to the above, during the 2018-2019 academic year, Plaintiff worked a minimum of 54.2 hours on evenings and weekends in connection with Athletic Department events such as alumni days, awards dinners, NCAA Selection show dinners, golf outings and other events. Plaintiff was not paid for these hours.

19. Plaintiff worked similar regular and overtime hours without compensation during academic years 2019-2020 and 2020-2021 and for at least ten years prior to the filing of this complaint.

## VI.  FIRST CLAIM FOR RELIEF – VIOLATION OF THE FAIR LABOR STANDARDS ACT - OVERTIME WAGES

20. The actions of the Defendant in failing to pay Plaintiff wages at one-and-one-half of her regular hourly rate for all hours worked in excess of 40 hours in a workweek within the last three years violates the Fair Labor Standards Act, 29 U.S.C. § 207, and the applicable regulations, 24 C.F.R. § 778.208-215.

21. The Defendant's actions were willful.

22. Plaintiff is entitled to recover unpaid overtime wages due for up to three years prior to the filing of this suit.

23. Plaintiff is entitled to recover liquidated damages in the amount of the unpaid overtime wages for up to three years prior to the filing of this suit.

### VII. SECOND CLAIM FOR RELIEF – VIOLATION OF ILLINOIS MINIMUM WAGE LAW

24. The actions of the Defendant in failing to pay Plaintiff wages at one-and-one-half of her regular hourly rate for all hours worked in excess of 40 hours in a workweek within the last three years violates the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*

25. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three years prior to the filing of this suit plus statutory damages in the amount of five percent (5%) per month of the amount of the underpayment.

26. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover three times her unpaid wages.

### VIII. THIRD CLAIM FOR RELIEF – VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

27. Plaintiff was due compensation pursuant to an agreement with Defendant DePaul University as embodied in the DePaul Salary Administration Guidelines.

https://offices.depaul.edu/human-resources/compensation/Documents/salary-admin-guidelines-SAG-08-17-17.pdf

28. The agreement provided that "Staff members in non-exempt jobs must be paid for all hours worked and are eligible for overtime in accordance with the Fair Labor Standards Act (i.e., overtime is payable for hours worked in excess of 40 per week)."

https://offices.depaul.edu/human-resources/compensation/Documents/salary-admin-guidelines-SAG-08-17-17.pdf at p. 24.

29. In violation of the above agreement, Defendant failed to pay Plaintiff for all hours worked and failed to pay Plaintiff her eligible overtime for the past ten years.

30. The actions of the Defendant in failing to pay Plaintiff wages for hours worked violates the Illinois Wage Payment and Collection Act, 820 ILCS 115/14.

31. The Defendant's actions were willful.

32. Plaintiff is entitled to recover the unpaid wages, plus all penalties and other relief due, for up to ten years prior to the filing of this suit.

## IX. PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

A. Award Plaintiff a judgment under the FLSA for all unpaid wages, including overtime wages that should have been paid at the rate of one-and-one-half of Plaintiff's regular hourly rate;

B. Award Plaintiff a judgment for liquidated damages under the FLSA in an amount equal to all unpaid wages, including overtime wages that should have been paid at the rate of one-and-one-half of Plaintiff's regular hourly rate;

C. Award Plaintiff a judgment under the IMWA in the amount of three times all unpaid wages that should have been paid including all overtime at the rate of one-and-one-half of Plaintiff's regular hourly rate;

D. Award Plaintiff statutory damages under the IMWA at the rate of 5% per month for each month wages were due and owing;

6

19109.00000 od121101

  E. Award Plaintiff a judgment under the IWPCA in the amount of all unpaid wages along with all statutory penalties at the rate of 2% per month and interest for a ten-year period;

  F. Award Plaintiff prejudgment interest on the back wages in accordance with 815 ILCS 205(2) and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

  G. Award Plaintiff reasonable attorney's fees and costs of this action as provided in the FLSA and IMWA and IWPCA; and

  H. Award such other relief as this Court deems just and proper.

Respectfully submitted this 18th day of June, 2021,

        *s/ Jeffrey L. Taren*
        Jeffrey L. Taren
        Miriam N. Geraghty
        MacDonald Hoague & Bayless
        705 Second Avenue, Suite 1500
        Seattle, WA 98104
        JeffreyT@mhb.com
        MiriamG@mhb.com

19109.00000 od121101